MARK FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com
JONATHAN H. HICKS, Bar No. 274634
jonathan.hicks@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Telephone:  650.833.2000
Facsimile:  650.833.2001

CAROL YUR, Bar No. 290145
carol.yur@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Telephone:  619.699.2700
Facsimile:   619.699.2701

Attorneys for Defendants,
Searchmetrics GmbH and
Searchmetrics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIGHTEDGE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEARCHMETRICS GMBH and SEARCHMETRICS, INC., <br><br> Defendants. | CASE NO.  3:14-cv-01009-WHO- MEJ <br><br> **DEFENDANTS SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF THE CASE PENDING *INTER PARTES* REVIEW** <br><br> DATE:   November 5, 2014 <br> TIME:    2:00 p.m. <br> PLACE:  Courtroom 2, 17th Floor <br> JUDGE:  Honorable William H. Orrick |

DLA PIPER LLP (US) <br> EAST PALO ALTO

WEST\250677437.1

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................... 1

STATEMENT OF RELIEF ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL HISTORY ................................................................................... 3

     A.      The Case Is In Its Early Stages ............................................................... 3

     B.      The *Inter Partes* Review .......................................................................... 3

          1.      The '700 Patent ............................................................................ 3

          2.      The '746 Patent ............................................................................ 3

III.    THE COURT SHOULD STAY THIS LITIGATION ............................................. 4

     A.      Factor One: Discovery Is At An Early Stage And The Court Has Not Set A Trial Date ................................................................................................ 6

     B.      Factor Two: Granting A Stay Will Simplify The Issues In Dispute ...................... 7

     C.      Factor Three: BrightEdge Will Not Suffer Undue Prejudice Or Disadvantage .................................................................................... 11

          1.      Searchmetrics Timely Filed A Petition For *Inter Partes* Review ............. 12

          2.      Searchmetrics Timely Moved For A Stay ................................................ 13

          3.      The IPR Proceedings Are Pending Before the PTAB ............................... 13

          4.      The Relationship Of The Parties Warrants a Stay ................................... 13

IV.     CONCLUSION .................................................................................................. 16

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-i-

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING INTER PARTES REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Affinity Labs of Texas v. Apple Inc.*,
2010 WL 1753206 (N.D. Cal. Apr. 29, 2012) ........................................ 5

*ASCII Corp. v. STD Entm't USA, Inc.*,
844 F. Supp. 1378 (N.D. Cal. 1994) ........................................ 4

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
2014 WL 1350813 (N.D. Cal Apr. 3, 2014) ........................................ 4, 5, 11, 12

*AT&T Intellectual Prop. I v. Tivo, Inc.*,
774 F. Supp. 2d 1049 (N.D. Cal. 2011) ........................................ 4

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
2013 WL 6133763 (M.D. Fla. Nov. 21, 2013) ........................................ 14

*Black & Decker Inc. v. Positec USA, Inc.*,
2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ........................................ 14

*Bloom Eng'g Co. v. North American Mfg. Co.*,
129 F.3d 1247 (Fed. Cir. 1997) ........................................ 16

*Brixham Solutions, Ltd. v. Juniper Networks, Inc.*,
2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ........................................ 4, 6, 7, 8, 12

*Convergence Tech. (USA), LLC v. Microloops Corp.*,
2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ........................................ 4

*Destination Maternity Corp. v. Target Corp.*,
2014 WL 1202941 (E.D. Pa. Mar. 24, 2014) ........................................ 14

*Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*,
2007 WL 778633 (M.D. Fla. 2007) ........................................ 10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ........................................ 4

*Ever Win Int'l Corp. v. Radioshack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012) ........................................ 12

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ........................................ 13

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ........................................ 4, 8

-ii-

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1

2

**<u>TABLE OF AUTHORITIES</u>**
(continued)

<u>Page</u>

3

4

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
2014 WL 819277 (N.D. Cal. Feb. 28, 2014)....................................................... 6, 7

5

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .................................................. 5, 12

6

7

*Finjan, Inc. v. Fireye, Inc.*,
2014 WL 2465267 (N.D. Cal. June 2, 2014) ....................................................... 11

8

9

*GraphOn Corp. v. Juniper Networks, Inc.*,
2010 WL 3619579 (N.D. Cal. 2010)..................................................................... 4

10

*Ho Keung Tse v. Apple, Inc.*,
2007 WL 2904279 (N.D. Cal. Oct. 4, 2007)......................................................... 12

11

12

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
385 F. Supp. 2d 1022 (N.D. Cal. 2005) ............................................................ 6, 11

13

14

*In re Translogic Tech., Inc.*,
504 F.3d 1249 (Fed. Cir. 2007)............................................................................ 15

15

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
2006 WL 708661 (N.D. Cal. Mar. 16, 2006).................................................... 11, 12

16

17

*Laitram Corp. v. NEC Corp.*,
163 F.3d 1342 (Fed. Cir. 1998)............................................................................ 15

18

19

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .............................................................................................. 4

20

*LifeScan, Inc. v. Shasta Tech., LLC*,
2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) ...................................................... 4

21

22

*Like.com v. Superfish, Inc.*,
2010 WL 2635763 (N.D. Cal 2010)...................................................................... 4

23

24

*Methode Elec., Inc. v. Infineon Tech. Corp.*,
99–21142 JW, 2000 WL 35357130 (N.D. Cal. 2000) ......................................... 11

25

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
2007 WL 627920 (N.D. Cal. Feb. 26, 2007)..................................................... 6, 14

26

*Network Appliance, Inc. v. Sun Microsystems, Inc.*,
2010 WL 545855 (N.D. Cal. Feb. 11, 2010)..................................................... 7, 14

27

28

DLA PIPER LLP (US)
EAST PALO ALTO

-iii-

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.,*

4

    2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) ........................................................ 12

5

*Pegasus Dev. Corp. v. DirecTV, Inc.,*
    2003 WL 21105073 (D. Del. May 14, 2003) ......................................................... 12

6

7

*PersonalWeb Tech. v. Facebook,*
    2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ................................................. 6, 8, 11

8

*Pragmatus AV, LLC v. Facebook, Inc.,*
    2011 WL 4802958 (N.D. Cal. 2011) ....................................................................... 4

9

10

*Procter & Gamble Co. v. Kraft Foods Global, Inc.,*
    2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) ...................................................... 14

11

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC,*

12

    2013 WL 752474 (N.D. Cal. Feb. 27, 2013) .................................................... 4, 14

13

*Semiconductor Energy Lab., Co. Ltd. v. Chimei Innolux Corp.,*
    2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ..................................................... 13

14

*Software Rights Archive, LLC v. Facebook, Inc.,*

15

    2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) .................................................... 4, 6

16

*Sonics, Inc. v. Arteris, Inc.,*

17

    2013 WL 503091 (N.D. Cal. Feb. 8, 2013) ..................................................... 11, 13

18

*Spectros Corp. v. Thermo Fisher Scientific, Inc.,*
    2010 WL 338093 (N.D. Cal. 2010) ......................................................................... 4

19

*Speedtrack, Inc. v. Wal-Mart.Com USA, LLC,*

20

    2009 WL 281932 (N.D. Cal. Feb. 5, 2009) ............................................................ 6

21

*Streetspace, Inc. v. Google, Inc.,*

22

    2012 WL 293642 (N.D. Cal. Feb. 1, 2012) ............................................................ 4

23

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,*
    1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ............................................................ 8

24

25

*Telemac Corp. v. Teledigital, Inc.,*
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) .................................................................. 6

26

*Tomco Equip. Co. v. Se. Agri-Sys., Inc.,*
    542 F. Supp. 2d 1303 (N.D. Ga. 2008) ................................................................. 11

27

28

DLA Piper LLP (US)
East Palo Alto

-iv-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

WEST\250677437.1

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,

4
 943 F. Supp. 2d 1028 (C.D. Cal. 2013) .................................................................. 5

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,

5
 2014 WL 3360806 (Fed. Cir. July 10, 2014) ....................................................... 15

6
**STATUTES**

7
35 U.S.C. § 252 ......................................................................................................... 16

8
35 U.S.C. § 307(b) .................................................................................................... 16

9

10
35 U.S.C. § 311(a) ...................................................................................................... 4

11
35 U.S.C. § 311(b) ...................................................................................................... 4

12
35 U.S.C. § 314(a) ...................................................................................................... 5

13
35 U.S.C. § 315(e) ...................................................................................................... 8

14
35 U.S.C. § 316(a)(11) ................................................................................................ 5

15
**OTHER AUTHORITIES**

16
157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) ......................................................... 5

17
157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) .......................................................... 5

18
*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings,*

19
 *and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-
 01 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, *et seq.*) .................................. 5

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-v-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on November 5, 2014 at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Searchmetrics GmbH and Searchmetrics, Inc. (collectively, "Searchmetrics") will and hereby does move the Court for an order staying the case pending resolution by the United States Patent and Trademark Office of Searchmetrics' requested *inter partes* review of U.S. Patent Nos. 8,478,700 and 8,478,746.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Carrie Williamson, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

**STATEMENT OF RELIEF**

Searchmetrics seeks an Order from the Court staying this case pending the final outcome of the *inter partes* review ("IPR") proceedings of U.S. Patent No. 8,478,700 and U.S. Patent No. 8,478,746.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Searchmetrics has filed a request for *inter partes* review for two of the five patents asserted by BrightEdge Technologies, Inc. ("BrightEdge") and seeks a stay of this litigation pending the final outcome of *inter partes* review ("IPR") proceedings of U.S. Patent No. 8,478,700 ("the '700 patent") and U.S. Patent No. 8,478,746 ("the '746 patent") (collectively, "the IPR Patents"). A stay is particularly appropriate here for the following reasons:

First, the IPR will simplify discovery and trial. The Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings for 75 percent of petitions in FY 2014 and 87 percent of petitions in FY 2013. Given the stringent standard for granting an IPR request (i.e. "a reasonable likelihood that petitioner would prevail with respect to at least one of the claims challenged in the petition"), it is likely that all (or at least some) of the challenged claims of the IPR patents will be invalidated. Approximately 84 percent of final decisions in IPR proceedings have found at least

1    one claim invalid.  Thus, a stay in this case will avoid unnecessary rulings on patent claims that

2    will very likely not survive IPR.  It would be inefficient to conduct claim construction

3    proceedings and trial on patents, only to have them invalidated through the IPR proceedings. Of

4    the three remaining patents, one of the patents, U.S. Patent No. 8,135,706 ("the '706 Patent") is

5    the parent of the '746 patent, and the other two remaining patents that are related to each other,

6    U.S. Patent Nos. 8,577,863 ("the '863 patent") and 8,671,089 ("the '089 patent"), share many of

7    the same claim terms and general concepts as the IPR patents.  Consequently, it would be

8    inefficient to proceed on three remaining patents without the benefit of the IPR proceedings.

9         Second, this case is in its infancy.  Searchmetrics answered BrightEdge's complaint on

10   June 6, 2014.  There is no schedule set past the claim construction hearing, there is no date for the

11   close of fact discovery and there is no trial date.  The parties have exchanged limited written

12   discovery and BrightEdge has taken one, limited deposition of a third party.  The parties have not

13   filed any *Markman* briefs (and are not scheduled to do so until November 14, 2014) or case

14   dispositive motions.  And, the parties have exchanged limited documents in compliance with the

15   Patent Local Rule disclosures.  The time to stay the case is now, before the Court and the parties

16   expend time and effort litigating patents that are unlikely to survive the IPR proceedings.

17        Third, a stay will not prejudice BrightEdge and there is no clear tactical disadvantage to

18   BrightEdge if the Court were to grant the stay.  Searchmetrics timely filed its IPR petitions and

19   promptly filed this motion to stay.  Moreover, the fact that BrightEdge does not seek any form of

20   preliminary injunctive relief and waited two years to initiate this lawsuit undermines any

21   argument of prejudice by BrightEdge.  In contrast, absent a stay, the Court and Searchmetrics will

22   be prejudiced by being forced to litigate patent claims that are much more likely to be cancelled,

23   amended, or otherwise narrowed than they are to be confirmed.

24        Because all the relevant factors weigh heavily in favor of a stay, Searchmetrics asks the

25   Court to enter a stay of the case.

26   / / /

27   / / /

28   / / /

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-2-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

## II.     **PROCEDURAL HISTORY**

### A.     **The Case Is In Its Early Stages**

BrightEdge filed its original complaint on March 4, 2014, asserting infringement of the '706 Patent, the '700 Patent, the '746 Patent, and the '863 Patent.  (Dkt. No. 1.)  On March 14, 2014, BrightEdge filed a first amended complaint adding infringement of the '089 Patent.  (Dkt. No. 10.)  On May 22, 2014, BrightEdge filed its second amended complaint.  (Dkt. No. 19.)  On June 5, 2014, Searchmetrics filed its answer to the second amended complaint.  (Dkt. No. 31.)  The Court held an initial case management conference on June 3, 2014, and scheduled a *Markman* hearing for January 16, 2015.  (Dkt. No. 28.)  No dates beyond the *Markman* hearing have been set; there is no date for the close of fact discovery or trial.  The parties have exchanged limited written discovery and taken one, short deposition of a third party.  BrightEdge has produced only 266 documents, most in compliance with its Patent Local Rule 3-1 and 3-2 disclosures.  And, while the parties have exchanged their infringement and invalidity contentions pursuant to the Patent Local Rules, the parties have not yet filed *Markman* briefs (the opening brief is not scheduled to be exchanged until November 14, 2015) and are in the midst of the early stages of the claim construction proceedings.

### B.     **The *Inter Partes* Review**

#### 1.     **The '700 Patent**

On July 31, 2014, Searchmetrics filed a petition for *inter partes* review of the '700 patent with the PTO.  Decl. of Carrie Williamson In Supp. of Mot. to Stay ("Williamson Decl."), ¶ 2, Ex. A.  BrightEdge has asserted claims 1-6 and 11-13 of the '700 patent against Searchmetrics.  *Id.*, ¶ 3.  Searchmetrics has requested review of all asserted claims of the '700 patent (plus four additional claims).  *Id.*, ¶ 2, 3.  Searchmetrics expects a decision granting *inter partes* review of the '700 patent in December, 2014 or January, 2015.  *Id.*, ¶ 4.

#### 2.     **The '746 Patent**

On September 18, 2014, Searchmetrics filed a petition for *inter partes* review of the '746 patent.  *Id.*, ¶ 5, Ex. B.  BrightEdge has asserted claims 1-13, 17-18 and 20 of the '746 patent against Searchmetrics.  *Id.*, ¶ 6.  Searchmetrics' IPR petition seeks review of all of the asserted

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-3-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1  claims of the '746 patent (plus one additional claim).  *Id.*, ¶ 5, 6.  Searchmetrics expects a

2  decision granting *inter partes* review of the '746 patent in February or March, 2015.  *Id.*, ¶ 7.

3  **III.     THE COURT SHOULD STAY THIS LITIGATION**

4         District courts have the inherent power to stay litigation pending resolution of post-grant

5  proceedings before the PTO.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ethicon, Inc. v.*

6  *Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  To that end, "there is a liberal policy in favor or

7  granting motions to stay proceedings pending the outcome of the USPTO reexamination . . .

8  proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

9  Courts in this district frequently grant stays pending reexaminations and post-grant proceedings

10  before the PTO.  *Id.*[1]

11        Pursuant to the Leahy-Smith America Invents Act ("AIA"), "any 'person who is not the

12  owner of a patent may file with the [PTAB] a petition to institute an *inter partes* review of the

13  patent.'"  *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, 2014 WL 1350813, at *2 (N.D. Cal

14  Apr. 3, 2014) (quoting 35 U.S.C. § 311(a)).  Pursuant to 35 U.S.C. § 311(b), petitioners "may

15  request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be

16  raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed

17  publications."  35 U.S.C. § 311(b).

18        By enacting the AIA, Congress replaced the pre-existing *inter partes* reexamination

19

---

20  [1] *See also Brixham Solutions, Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) (stay granted pending *inter partes* review); *Evolutionary Intelligence, LLC v.*

21  *Facebook, Inc.*, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) (stay granted pending *inter partes* review); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522 (N.D. Cal. Sept. 17,

22  2013) (stay granted pending *inter partes* review); *LifeScan, Inc. v. Shasta Tech., LLC*, 2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) (stay granted); *Robert Bosch Healthcare Sys., Inc. v.*

23  *ExpressMD Solutions, LLC*, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) (stay granted);
*Convergence Tech. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187 (N.D. Cal. Apr. 12,

24  2012) (stay granted); *Streetspace, Inc. v. Google, Inc.*, 2012 WL 293642 (N.D. Cal. Feb. 1, 2012) (stay granted); *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958 (N.D. Cal. 2011) (stay

25  granted); *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) (stay granted); *Like.com v. Superfish, Inc.*, 2010 WL 2635763 (N.D. Cal 2010) (stay granted pending

26  *inter partes* reexamination); *Spectros Corp. v. Thermo Fisher Scientific, Inc.*, 2010 WL 338093 (N.D. Cal. 2010) (stay granted); *GraphOn Corp. v. Juniper Networks, Inc.*, 2010 WL 3619579

27  (N.D. Cal. 2010) (stay granted).

28

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-4-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

procedure with the IPR procedure with the intent to provide a "faster, less costly alternative to civil litigation to challenge patents."  157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement by Senator Grassley); *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01, at *48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, *et seq.*); *see also* 157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement by Senator Kyl) (characterizing post-grant review procedures, including *inter partes* review, as "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field.").  The PTAB is required, by statute, to issue its final written determination on validity within just twelve months of deciding to initiate an IPR, with just one possible six-month extension.  *See* 35 U.S.C. § 316(a)(11).  Thus, the new IPR procedure is much faster than the pre-existing *inter partes* reexamination it replaced because the average pendency for *inter partes* reexamination is 39.5 months.  *See Asetek*, 2014 WL 1350813, at *2; U.S. Patent and Trademark Office, "*Inter Partes* Reexamination Filing Data – September 30, 2012" (Sept. 30, 2012); *Evolutionary Intelligence, LLC v. Yelp Inc.* ("*Yelp*"), 2013 WL 6672451, at *2 (N.D. Cal. Dec. 18, 2013) ("In contrast, the average length of an inter partes reexamination was around 36 month[s], and if either party appealed the determination from the reexamination, the process could extend another three years.") (citing *Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206, at *3 (N.D. Cal. Apr. 29, 2012)).

As this Court recently stated:

> In order to institute an IPR trial, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," 35 U.S.C. § 314(a), which is a "more stringent [requirement] than the previous 'substantial new question of patentability' standard."

*Yelp*, 2013 WL 6672451, at *3 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)).

Notably, in light of the 'liberal policy' favoring stays pending *inter partes* review, courts frequently grant a stay even if the PTAB is still considering whether to institute a party's *inter*

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-5-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1   *partes* review request.  *See, e.g., Brixham Solutions*, 2014 WL 1677991 (staying action pending a

2   decision by the PTO regarding institution of *inter partes* review); *Software Rights Archive*, 2013

3   WL 5225522 (same); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, at

4   *1 (N.D. Cal. Feb. 28, 2014) (same)

5           In determining whether to grant a stay pending review, courts consider: (1) the stage and

6   history of the litigation, including whether discovery is complete and whether a trial date has been

7   set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a

8   stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

9   *See, e.g.*, *Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*, 2009 WL 281932, at *1 (N.D. Cal. Feb.

10  5, 2009) (citing *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920, at *2

11  (N.D. Cal. Feb. 26, 2007)); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D.

12  Cal. 2006)).  "A stay is particularly justified where the outcome of the reexamination would be

13  likely to assist the court in determining patent validity and, if the claims were cancelled in the

14  reexamination, would eliminate the need to try the infringement issue."  *In re Cygnus Telecomms.*

15  *Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).  Here, each of these

16  factors support a stay.

17      A.      **Factor One: Discovery Is At An Early Stage And The Court Has Not Set A
                Trial Date**

18

19          The early stage of this litigation strongly favors a stay.  The Court has not set a schedule

20  past the January claim construction hearing (and thus has not set a date for the close of fact or

21  expert discovery or for trial).  Discovery is still at its early stages.  BrightEdge has taken only one,

22  limited deposition of a third party.  Williamson Decl., ¶ 8.  No dispositive motions have been

23  scheduled, briefed or heard and the claim construction hearing is not scheduled until January 16,

24  2015.  In fact, claim construction briefing will not commence until November 14, 2014.

25          Although each party has served written discovery, such limited discovery does not warrant

26  continuing the expense of litigation during the IPR proceedings.  This is especially true where

27  BrightEdge has produced only 266 documents, most of which are produced pursuant to

28  BrightEdge's Patent Local Rule disclosures.  Williamson Decl., ¶ 9.  *See PersonalWeb Tech. v.*

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-6-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1   *Facebook*, 2014 WL 116340, *3-4 (N.D. Cal. Jan. 13, 2014) (stay pending *inter partes* review

2   granted, noting that "[t]he parties and courts have already invested significant time and effort into

3   these matters; a claim construction order has been issued and the close of fact discovery is fast

4   approaching.  However, a substantial portion of the work – expert discovery, summary judgment,

5   pre-trial preparation and trial itself – lies ahead . . . . Considering that the parties have yet to

6   engage in the significant and costly work of conducting expert discovery and preparing summary

7   judgment motions, and taking notice that the preliminary pretrial conference, i.e., the point at

8   which the court will set the trial date, is still six months away, the court finds that this case is not

9   so far advanced that a stay would be improper." (emphasis in original)); *Network Appliance, Inc.*

10  *v. Sun Microsystems, Inc.*, 2010 WL 545855, at *3 (N.D. Cal. Feb. 11, 2010) (stay granted even

11  though some discovery and claim construction had taken place because "considerable resources

12  will still need to be expended by the parties and the Court in completing . . . portions of the case.

13  Further, no summary judgment motions have been scheduled, briefed or heard, and no trial date

14  has been set, all of which will necessarily entail a significant amount of work."); *Brixham*

15  *Solutions*, 2014 WL 1677991, at *2 (holding that case was at a "relatively early stage" because

16  the "Court has not set dates for fact or expert discovery cut-offs or for trial.  Nor has claim

17  construction yet occurred, although the parties have submitted their claim construction briefs.").

18       Moreover, although the parties have exchanged their Patent Local Rule 3 disclosures, such

19  an exchange does not demonstrate any material progress in this case.  *See Evolutionary*

20  *Intelligence, LLC v. Sprint Nextel Corporation*, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014)

21  (granting stay even though infringement and invalidity contentions were exchanged).

22       As such, the procedural posture factor weighs in favor of granting a stay of the case.

23       **B.     Factor Two: Granting A Stay Will Simplify The Issues In Dispute**

24       A stay will simplify the issues and streamline trial, thereby reducing the burden on the

25  Court and the parties.  It is highly probable the PTO will institute the two IPR proceedings and

26  find all asserted claims invalid.  As of September 25, 2014, the Patent and Trademark Appeals

27  Board ("PTAB") instituted IPR proceedings for 75 percent of petitions in FY 2014 and 87 percent

28  of petitions in FY 2013.  Williamson Decl., ¶ 11, Ex. D, at slide 4.  Furthermore, as of May 15,

DLA PIPER LLP (US)
EAST PALO ALTO

-7-

WEST\250677437.1

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1  2014, approximately 84 percent of final decisions in IPR proceedings have found at least one

2  claim invalid.  Williamson Decl., ¶ 10, Ex. C, at slide 16.  *See PersonalWeb*, 2014 WL 116340, at

3  *2 ("This new threshold requirements presents a more stringent standard than the previous

4  'substantial new question of patentability' and thus provides some assurance that the delay

5  suffered as a result of the IPR will be worthwhile.").  "[W]aiting for the outcome of the

6  reexamination could eliminate the need for trial if the claims are cancelled or, if the claims

7  survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the

8  scope of the claims."  *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2

9  (N.D. Cal. Jan. 13, 1995).  "This is particularly true when a party has obtained PTO review of

10  each of the asserted claims in the patents-in-suit."  *Evolutionary Intelligence, LLC v. Facebook,*

11  *Inc.*, 2014 WL 261837, at *4 (N.D. Cal. Jan. 23, 2014).  As such, there is a high probability that

12  reexamination will have a major effect on the disputes to be resolved in this case.

13        Further, Searchmetrics will be estopped from asserting invalidity on any ground it raised

14  or reasonably could have raised during the IPR.  35 U.S.C. § 315(e); *Sprint Nextel*, 2014 WL

15  819277, at *4 ("[S]tatutory estoppel simplifies the issues by preventing parties from relitigating

16  the same validity issues before the PTO and the Court."); *Brixham Solutions*, 2014 WL 1677991,

17  at *1 (holding that case will be streamlined even if no claims are cancelled because of the

18  estoppel provisions).  Thus, even in the unlikely event that some of the asserted claims survive

19  the IPR, the scope of the parties' dispute will be narrowed.

20        Moreover, if the claims of the IPR Patents are cancelled or modified during the IPR

21  proceedings, this will have a ripple effect across all of BrightEdge's asserted patents.  This is

22  because many of the claim construction, validity, and infringement disputes are similar across

23  these five patents.

24        •   Across <u>all five</u> asserted patents, <u>both</u> parties identified for construction the term

25            "**correlating**" (or phrases containing correlating).  Williamson Decl., ¶ 12, Ex. E,

26            at 2 and ¶ 13, Ex. F, at 2, 3, 4, 5, 6, 8 (both parties identifying the term in Claim 1

27            of the '863 Patent, Claims 1, 7 and 13 of the '089 Patent, Claims 1 and 11 of the

28            '700 Patent, Claims 1 and 11 of the '706 Patent; and Claims 1, 4, 7, 10 and 20 of

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-8-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1    the '746 Patent.  The term "correlating" is proposed for construction in both the

2    '700 and '746 IPR petitions.  Williamson Decl., Ex. A at 9, 14, 15, 20, 21, 25, 26,

3    31 and Ex. B at 10, 22, 23, 25, 28, 35, 38, 40, 41, 42 .  Consequently, the PTAB's

4    analysis and construction regarding the term "correlating" could provide integral

5    guidance to this Court and simplify the issues across <u>all five asserted patents</u>.

6    •    Both parties identified for construction the term "**shares of voice" / "share of**

7         **voice**" in both the '706 and '746 patents.  Williamson Decl., Ex. E, at 2 and Ex. F

8         at 2, 4 (both parties identifying this term for construction in claims 1, 10, 20 of the

9         '746 patent and claims 1 and 11 of the '706 patent).  This term is proposed for

10        construction in the '746 IPR petition.  (*Id.,* Ex. B, at 9 and throughout petition).

11        The PTAB's analysis and construction regarding the term "shares of voice"/"share

12        of voice" would simply the issues across the '700, '706 and '746 patents and

13        would simply issues.

14   •    The term "**channel/s**" is in at least one proposed claim term identified by

15        BrightEdge for each of the '700, '706 and '746 patents.  *Id.,* Ex. F, at 2, 3,4.  This

16        term is proposed for construction in the '700 IPR petition.  *Id.,* Ex. A, at 9.  The

17        PTAB's analysis and construction regarding "channel/s" would simply issues

18        across the '700, '706 and '746 patents.

19   •    Both parties identified for construction the term "**conversion"/ "conversion rate**."

20        Williamson Decl., Ex. E, at 2 and Ex. F at 2, 4 (both parties identifying this term

21        for construction in claims 1 and 11 of the '700 patent; Searchmetrics further

22        identified the term for construction in claim 11 of the '706 patent).  This term is

23        proposed for construction in the '700 IPR petition.  (*Id.,* Ex. A, at 10).  The

24        PTAB's analysis and construction regarding the term "conversion"/"conversion

25        rate" would simply the issues across the '700 and '706 patents and would simply

26        issues.

27        Additionally, BrightEdge has identified claim terms for construction that are shared across

28   the asserted patents and are general concepts important to each of the asserted patents:

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-9-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

- **search terms/keywords** *Id.,* Ex. F, ('706 and '700 patents: "search terms"; '746 patent: "search term"; '863 and '089 patents: "keywords"). Searchmetrics has also identified "keywords" as part of the terms for construction in the '089 patent, the '700 patent, the '706 patent, and the '746 patent. *Id.,* Ex. E, at 2.

- **scoring/ranking** *Id.,* Ex. F ('706 and '089 patents: "rank positions"; '700 patent: "scoring" / "scores"; '746 patent: "scores"/ "position"; '863 patent: "ranking").

- **organic** *Id.,* Ex. F, at 2-6 (identified in at least one of BrightEdge's proposed claim terms for construction for each asserted patent).

The identification of these same terms across patents demonstrates the overlap in issues in the IPR patents and the remaining three patents. Thus, a stay will promote judicial economy because the Court can avoid fact and expert discovery, claim construction proceedings, summary judgment proceedings and trial on patent claims that may cease to exist. Indeed, the PTO's analysis of the prior art during *inter partes* review will help narrow the validity issues across all asserted patents and provide the Court with the PTAB's understanding of the prior art. *Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*, 2007 WL 778633, at *3 (M.D. Fla. 2007) ("A stay will allow both the parties and the Court to take advantage of the PTO's expert analysis of the [patent-at-issue] and may limit or narrow the remaining issues to be litigated.").

Furthermore, BrightEdge accuses the same Searchmetrics' products (Searchmetrics Suite and Searchmetrics Essentials) of infringing all five asserted patents. (Dkt. No. 19.) Indeed, BrightEdge specifically accuses the SEO Market Share feature in Searchmetrics Suite of infringing the '706 and '746 patents (Dkt No. 19, ¶¶ 21, 31) and the Traffic Forecast and Conversion Value Forecast of Searchmetrics Suite of infringing the '700, '863 and '089 patents. (Dkt No. 19, ¶¶ 26, 31, 37.) And, all five asserted patent have overlapping inventors. Indeed, three named inventors (Jimmy Yu, Lemuel Park and Rolland Yip) are named on all five asserted patents, while a fourth inventor, Sammy Yu, is added for three of the patents ('706, '700 and the '746 patents). (Dkt. No. 19-1 – 19-5 (copies of the five asserted patents).) Given the significant overlay among all of the patents, it makes little sense to move forward on a subset of the patents, only to have the IPR proceedings alter the course of discovery and claim construction

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-10-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

proceedings.  Conducting the litigation in piecemeal fashion would mean two (or more) discovery periods, two (or more) sets of claim construction proceedings and two (or more) trials.  As this Court has found:

> ***When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted***.  Here, it is undisputed that all of the patents-in-suit involve similar 'system on chip technology.'  Further, Plaintiff did not dispute the following assertions made by Defendant in its moving papers: the products accused of infringing the '183 patent (i.e., the non-reexamined patent) are also accused of infringing several of the patents-in-reexamination, two of the named inventors of the '183 patent are also named inventors of at least one of the patents-in-reexamination, and moving forward with this litigation in a piecemeal fashion would require the time and expense of educating a judge and jury twice on similar technology and would result in duplicative discovery.

*Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091 at *3 (N.D. Cal. Feb. 8, 2013) (citations omitted) (emphasis added); *see also Finjan, Inc. v. Fireye, Inc.*, 2014 WL 2465267 (N.D. Cal. June 2, 2014) (granting stay of entire case pending reexamination of three of seven patents-in-suits); *KLA-Tencor Corp.*, 2006 WL 708661 at *4-5 (granting stay of entire case pending reexamination of two of three patents-in-suit where there was overlap in accused products and likely witnesses to be deposed across the three patents); *Methode Elec., Inc. v. Infineon Tech. Corp.*, 99–21142 JW, 2000 WL 35357130 at *3 (N.D. Cal. 2000) (granting stay of entire case pending reexamination of one of two patents-in-suit "since there are likely to be common documents and witnesses regarding the infringement litigation" of both patents); *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) ("Although there are two patents at issue and only one is being reexamined, that reexamination should shed significant light on the '307 patent infringement litigation.  In addition, it would not make sense to bifurcate the trial for each patent because they are very closely related.").[2]

The simplification factor thus also supports the grant of a stay.

---

[2] Alternatively, if the Court is not inclined to stay the entire case, Searchmetrics respectfully requests that the Court grant a stay as to the two IPR patents (the '700 Patent and the '746 Patent) and the '706 Patent, as it is related to the '746 Patent.  At a minimum, Searchmetrics requests a stay of the litigation as to the IPR patents.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-11-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

**C.      Factor Three:  BrightEdge Will Not Suffer Undue Prejudice Or Disadvantage**

The final factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  *Asetek*, 2014 WL 1350813, at *4; *PersonalWeb*, 2014 WL 116340, at *5 (citing *Cygnus*, 385 F. Supp. 2d at 1023).  BrightEdge will not be prejudiced by a stay pending the PTO's *inter partes* review because "[d]elay alone does not usually constitute undue prejudice, because 'parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework." *Asetek*, 2014 WL 1350813, at *4 (quoting *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (quoting *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003))); *Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.*, 2010 WL 3184375, at *4 (N.D. Cal. Aug. 11, 2010) ("The delay inherent to the reexamination process does not constitute, by itself, undue prejudice."); *Ho Keung Tse v. Apple, Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007).  And, the potential delay associated with *inter partes* review is not "significant in comparison to the post-grant review procedures that existed prior to the enactment of the America Invents Act; in particular the procedures for *inter partes* review provide that the Patent Trial and Appeal Board will issue a final written decision within a year of the institution decision." *Brixham Solutions*, 2014 WL 1677991, at *6-7.

The Court has stated that it finds the following four sub-factor test helpful for evaluating prejudice: "'(1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of the reexamination proceedings; and (4) the relationship of the parties.'" *Asetek*, 2014 WL 1350813, at *4 (quoting *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 503 (D. Del. 2012)).  These factors favor a partial stay in this case.

**1.      Searchmetrics Timely Filed A Petition For *Inter Partes* Review**

This is not a case where IPR is sought on the eve of trial or after an unfavorable ruling.  No claim construction ruling has issued and no dispositive motions have been filed.  Moreover, as discussed above, one, limited third party deposition has been held, no fact or expert discovery cutoff is set, no expert reports have been exchanged, limited documents have been produced, and

-12-

DLA PIPER LLP (US)
EAST PALO ALTO
WEST\250677437.1

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1    no trial date is set.

2          Moreover, Searchmetrics promptly petitioned for *inter partes* review of the '700 patent

3    and the '746 patent within approximately two months and three-and-a-half months, respectively,

4    after BrightEdge filed its second amended complaint and within approximately one and two-and-

5    a-half months after receiving BrightEdge's infringement contentions. *Ho Keung Tse*, 2007 WL

6    2904279, at *4 (finding that filing a request for reexamination three months after the service of

7    preliminary invalidity contentions was not evidence of any delay); *Yelp*, 2013 WL 6672451, at *9

8    ("*Semiconductor Energy Lab., Co. Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *3 (C.D.

9    Cal. Dec. 19, 2012) (filing IPR petitions ten months after complaint but only three to four months

10   after receiving infringement contentions was not unreasonable, because the infringement

11   contentions identified 100 claims from a possible 288 in the six patents-in-suit, and 'the need to

12   assess the disputed claims was a valid reason for not filing a petition shortly after the Complaint

13   was filed.')."). In addition, Searchmetrics filed its IPR petitions well within the one-year

14   statutory deadline to do so. In this regard, courts in this district granted stays pending the PTAB's

15   decision to institute IPRs even though the various defendants filed their petitions for IPR on the

16   last day permitted under the statute. *See, e.g., Evolutionary Intelligence, LLC v. Apple, Inc.*

17   ("*Apple*"), 2014 WL 93954 (N.D. Cal. Jan. 9, 2014). Thus, this sub-factor weighs in favor of

18   granting the stay.

19                    **2.      Searchmetrics Timely Moved For A Stay**

20          Searchmetrics timely moved for a stay – filing less than two weeks after it submitted its

21   second IPR petition. Thus, this sub-factor weighs in favor of granting the stay.

22                    **3.      The IPR Proceedings Are Pending Before the PTAB**

23          As of September 25, 2014, the PTAB instituted IPR proceedings for 75 percent of

24   petitions in FY 2014 and 87 percent of petitions in FY 2013. The PTAB must determine whether

25   to institute the review within six months, i.e., by January, 2015 for the '700 patent and by March,

26   2015 for the '746 patent. It must then make a final determination within one year after instituting.

27   As such, it is highly probable the PTO will institute the two IPR proceedings and find all asserted

28   claims invalid. Proceeding with the district court action simultaneously will result in unnecessary

DLA PIPER LLP (US)
EAST PALO ALTO

-13-

WEST\250677437.1

SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

expenses and time by both the Court and the parties.  Thus, this sub-factor weighs in favor of granting the stay.

### 4.      The Relationship Of The Parties Warrants a Stay

Even the fact that Searchmetrics and BrightEdge are sometimes competitors does not preclude a stay.  *See, e.g.*, *Sonics, Inc.,* 2013 WL 503091 at *4 (N.D. Cal. Feb. 8, 2013) (granting stay pending reexamination in case between competitors and noting that "***Plaintiff argues that a stay will be particularly prejudicial because Defendant, a close competitor, will be allowed to continue selling allegedly infringing products during the stay period . . . . However, Plaintiff's legal and equitable remedies will be available when the stay is lifted because a stay does not foreclose Plaintiff from any remedy***.") (emphasis added) (internal citations omitted); *Nanometrics, Inc.*, 2007 WL 627920 (granting stay pending reexamination where "[t]he parties are competitors in the business of inventing, designing, manufacturing, and marketing systems that monitor, measure, and control processes for the semiconductor manufacturing industry"); *Network Appliance, Inc.*, 2010 WL 545855, at *5; *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2008 WL 3833576, at *2 (N.D. Cal. Aug. 15, 2008); *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 2013 WL 6133763, at *3 (M.D. Fla. Nov. 21, 2013) ("However, the litigants' status as a direct competitor does not mandate the denial of a stay.  Here, Plaintiff's concerns are largely mitigated by the expedited procedures of the new *inter partes* review . . . . In any event, entering a stay pending *inter partes* review will not subject Plaintiff to anywhere near the average three-year delay typical of the former *inter partes* re-examination procedure, so this factor does not weigh strongly against staying this action.") (internal citations omitted); *Destination Maternity Corp. v. Target Corp.*, 2014 WL 1202941, at *4-5 (E.D. Pa. Mar. 24, 2014) (internal citations omitted) (granting stay even though the parties are "direct competitors"); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *2-3 (N.D. Ill. Oct. 1, 2013) (same).

The fact that BrightEdge did not seek any form of preliminary injunctive relief also favors a stay and undermines any argument by BrightEdge that its claims against Searchmetrics must be resolved now.  *See Robert Bosch Healthcare Sys.*, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27,

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-14-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1   2013) (patentee's failure to seek preliminary injunction indicates lack of prejudice from ongoing

2   competition in the marketplace).

3         Additionally, that there is no urgency to BrightEdge's claims as is demonstrated by the

4   fact that BrightEdge waited two years to bring this action.  BrightEdge's '706 patent issued

5   March 13, 2012.  BrightEdge did not file this suit until March 4, 2014.  In light of the delay,

6   BrightEdge cannot now credibly argue that it will be unduly prejudiced by a stay pending the

7   PTO's determination of the review.

8         In addition, a stay would not create a tactical disadvantage for BrightEdge.  There is no

9   evidence that Searchmetrics has a "dilatory motive" which would weigh against a stay.  *See*

10  *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2014 WL 3360806, at *10 (Fed. Cir. July 10, 2014)

11  ("There is no evidence that Defendants possessed a 'dilatory motive,' which would have pointed

12  against a stay.  In fact, Salesforce filed its CBM petition less than four months after VA instituted

13  this infringement action and moved to stay the district court proceedings almost immediately after

14  filing the petition.") (citation omitted).

15        Finally, BrightEdge can be compensated monetarily for any delay resulting from the *inter*

16  *partes* review.  *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("A patentee

17  of a reexamined patent is entitled to infringement damages, *inter alia*, for the period between the

18  date of issuance of the original claims and the date of issuance of the reexamined claims if the

19  original and reexamined claims are 'identical.'").  Accordingly, money damages will continue to

20  be a sufficient remedy to compensate BrightEdge for any alleged infringement during the stay,

21  and BrightEdge will not be prejudiced if the Court stays this action pending the IPR proceedings.

22        Although granting a stay would not prejudice BrightEdge, denying a stay would unduly

23  prejudice Defendants.  Denying a stay risks the very real possibility that this Court and the PTO

24  could issue inconsistent rulings, requiring the Federal Circuit to overturn this Court's decision in

25  favor of the PTO's decision on invalidity.  *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1251

26  (Fed. Cir. 2007) (affirming PTO's rejection even though claims previously held not invalid in a

27  final district court judgment).  In addition, denying a stay burdens Searchmetrics with litigating

28  claims that are more likely than not invalid in their current form.  Moreover, if BrightEdge

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-15-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ

1    substantively amends the claims during the IPR, BrightEdge cannot recover damages for any

2    alleged infringement of the amended claims that occurs before the IPR concludes.  *See* 35 U.S.C.

3    §§ 252, 307(b); *Bloom Eng'g Co. v. North American Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir.

4    1997).  In such a case, conducting discovery on products licensed prior to the amended claims

5    would waste the efforts of these parties and this Court.

6         Because there is no prejudice to BrightEdge and there is no clear tactical disadvantage to

7    BrightEdge if the Court were to grant the stay, the final factor also supports a stay of the case in

8    its entirety.

9    **IV.    CONCLUSION**

10        For the foregoing reasons, the case should be stayed in its entirety pending the final

11   outcome of the IPR.  Staying the entire case would be most efficient; however, if the Court is not

12   inclined to stay the entire case, Searchmetrics requests that at least the '700, '746 and '706

13   patents be stayed pending IPR proceedings for the '700 and '746 patents.

14

15   Dated:  September 29, 2014                    DLA PIPER LLP (US)

16

17                                                By: */s/ Carrie Williamson*
                                                      MARK FOWLER
18                                                    TIMOTHY LOHSE
                                                      CARRIE L. WILLIAMSON
19                                                    JONATHAN HICKS
                                                      CAROL YUR
20
                                                      Attorneys for Defendants,
21                                                    Searchmetrics GmbH and
                                                      Searchmetrics, Inc.
22

23

24

25

26

27

28

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\250677437.1

-16-
SEARCHMETRICS GMBH AND SEARCHMETRICS, INC.'S NOM & MOT FOR STAY
OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 3:14-CV-01009-WHO-MEJ