1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    BRIGHTEDGE TECHNOLOGIES, INC.,              Case No. 14-cv-01009-WHO

           Plaintiff,

8                                                **ORDER STAYING THE CASE
                                                 PURSUANT TO THE PARTIES'**
9         v.                                     **PARTIAL AGREEMENT**

10   SEARCHMETRICS, GMBH., et al.,               Re: Dkt. Nos. 70, 79, 80, 92, 94, 104, 105

           Defendants.

11

12          This order resolves two motions:  a Motion to Stay the Case Pending Inter Partes Review

13   filed by defendants Searchmetrics GmbH and Searchmetrics, Inc. (collectively, "Searchmetrics")

14   (Dkt. No. 70), and a Motion for Leave to File a Third Amended Complaint filed by plaintiff

15   BrightEdge Technologies, Inc. ("BrightEdge") (Dkt. No. 80).  At the hearing on the motions on

16   November 12, 2014, the parties indicated that they had reached a general agreement to stay the

17   case until June 1, 2015 but had not yet agreed on the exact conditions of the stay.  I ordered the

18   parties to meet and confer on the unresolved issues and to submit a joint letter describing their

19   areas of agreement and identifying any remaining areas of disagreement, at which point I would

20   issue an appropriate order.  Dkt. No. 100.

21          The parties have submitted their joint letter.  Dkt. No. 105.  Although the parties have

22   reached a final agreement regarding the basic outline of the stay, they continue to disagree on two

23   issues:  (1) whether, during the course of the stay, each side will be able to use information or

24   documents produced in this action by the other side in other proceedings, such as in inter partes

25   review proceedings or in the pending trade secrets lawsuit in state court brought by BrightEdge

26   against one of Searchmetrics' employees; and (2) what discovery, if any, will occur while the stay

27   is in place.  BrightEdge and Searchmetrics have each submitted a proposed order implementing

28   the stay according to their favored resolution of these matters.  *Id.*

United States District Court
Northern District of California

As to the first issue, the parties previously agreed to a Stipulated Protective Order with restrictions on the use of "Protected Material." *See* Dkt. No. 58. It is inconsistent with the concept of the stay to change the parameters of an agreement previously reached by the parties. Moreover, Searchmetrics' objections to allowing the wholesale, unrestricted use of information and documents produced in this action in inter partes review proceedings and in BrightEdge's state court action are well-taken. Accordingly, in paragraph 9 below, I have basically adopted Seachmetrics' proposal regarding this issue but have limited its scope to "Protected Material" pursuant to the Stipulated Protective Order.

As to the second issue, both parties – and in particular Searchmetrics – appear set on conducting significant amounts of discovery during the stay. This defeats one of the primary purposes of staying the case, i.e., avoiding the unnecessary expenditure of resources. Accordingly, I have adopted BrightEdge's proposal to suspend all discovery during the stay with the exception of the agreed-upon document and email productions enumerated in paragraphs 7 and 8 below. Searchmetrics' concerns about a lack of balance in the amount of discovery produced to date are adequately addressed by these agreed-upon productions.

Pursuant to the parties' partial agreement, and in light of the above, IT IS HEREBY ORDERED:

1.     This case is stayed until June 1, 2015.

2.     All scheduled court dates in this action are vacated and no further discovery shall proceed during the stay other than the discovery enumerated in paragraphs 6 and 7 below.

3.     If Searchmetrics files any additional requests for Trial before the Patent Trial and Appeal Board against any of the five Asserted Patents[1] later than December 15, 2014, Searchmetrics will not seek a new or continued stay of the litigation based on any requests filed after December 15, 2014.

4.     The parties shall file a joint case management conference statement on June 1, 2015 to inform the Court whether a continued stay is appropriate at that time. A case management

---

[1] The Asserted Patents are U.S. Patent Nos. 8,135,706; 8,478,746; 8,577,863; 8,671,089; and 8,478,700.

United States District Court
Northern District of California

1  conference is scheduled for June 16, 2015 at 2:00 p.m.

2        5.      BrightEdge may amend its complaint to add a claim of willful infringement of the

3  '706 patent.

4        6.      Nothing in this order shall prejudice any past, present or future legal or equitable

5  remedies of any party to this case.

6        7.      BrightEdge has produced or will produce to Searchmetrics by November 21, 2014:

7                a.  the 17,000 documents BrightEdge represented to the Court that it was

8                prepared to produce; and

9                b.  an email production pursuant to the Model Order in response to

10               Searchmetrics's email requests for (i) "searchmetrics" or "SM" or "search

11               metrics"; and (ii) "share of voice" or "shares of voice" or "SOV" (including all

12               parents and attachments).

13       8.      BrightEdge has produced or will produce to Searchmetrics by December 5, 2014:

14               a.  all documents[2] concerning the patents in suit, including all documents

15               concerning the invalidity or unenforceability of the five Asserted Patents,

16               including all documents responsive to RFP Nos. 3, 4, 6-11, 17, 22-25, 28-30,

17               33-35, 37, 72, 81; and

18               b.  all documents that refer to Searchmetrics or Searchmetrics' products and/or

19               services (RFP Nos. 12, 14, 16, 45, 46, 53, 54, 56, 67, 70, 71, 73, 74); and

20               c.  all documents concerning any comparison between BrightEdge and any

21               competitor (RFP No. 69) or competition between BrightEdge's products and

22               any other competitors in the United States (RFP No. 66).

23       9.      If a receiving party seeks to use information or documents produced in this action

24  as Protected Material under the Stipulated Protective Order in any other proceeding, including any

25  Trial proceeding brought by Searchmetrics before the Patent Trial and Appeal Board or in any

26

_____

27  [2] "All documents" does not include email.  Pursuant to the Court's Stipulation and Order
Regarding Discovery of Electronically Stored Information (Dkt. No. 90), email is not produced
28  pursuant to general requests for production.

United States District Court
Northern District of California

United States District Court<br>Northern District of California

1   state court action, the receiving party must first disclose in writing to the producing party the

2   specific information or documents sought to be used and the purpose of the use of the information

3   or documents.  The parties will meet and confer within 14 days of receipt of the receiving party's

4   written request.  The producing party may either (1) agree to use of the information or documents

5   in the other proceeding or (2) refuse use of the information or documents in the other proceeding.

6   If the producing party refuses use, the receiving party must then file a motion before Magistrate

7   Judge James to seek permission to modify the Stipulated Protective Order to allow the use of the

8   specifically identified information or documents in the other proceeding.  This procedure must be

9   followed each time a party seeks to use information or documents, which were produced in this

10  action by another party as Protected Material under the Stipulated Protective Order, in any other

11  proceeding.

12       10.      Searchmetrics' Motion to Stay the Case Pending Inter Partes Review and

13  BrightEdge's Motion for Leave to File a Third Amended Complaint are otherwise DENIED AS

14  MOOT.  Dkt. Nos. 70, 80.  All administrative motions to file under seal filed in connection with

15  the motions and the parties' joint letter are GRANTED.  Dkt. Nos. 79, 92, 94, 104.

16       **IT IS SO ORDERED**.

17  Dated: November 21, 2014



WILLIAM H. ORRICK
United States District Judge

4