UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTEDGE TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> SEARCHMETRICS GMBH., et al., <br> Defendants. | Case No. 14-cv-01009-HSG (MEJ) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 169, 170 |

## INTRODUCTION

Before the Court are two discovery letter briefs submitted by the parties. Having considered the parties' arguments and the relevant legal authority, the Court **ORDERS** production of the 2017 version of Searchmetrics' SugarCRM database, and all underlying documents referenced therein, for the following reasons.

## PROCEDURAL BACKGROUND

On October 17, 2017, Plaintiff BrightEdge Technologies Inc. ("BrightEdge") and Defendants Searchmetrics GmbH and Searchmetrics, Inc. (collectively "Searchmetrics") filed two Joint Discovery Dispute Letters with the Court. In the first letter, BrightEdge requested that the Court compel Searchmetrics to produce "all documents concerning sales, offers to sell, and attempted sales of Searchmetrics'[] products and the accused products", given the information's "relevance to infringement, willfulness, and damages." Dkt. No. 169. In the second letter, BrightEdge asked that the Court compel production of Searchmetrics' SugarCRM database, as it is "relevant to willfulness, non-obviousness, and damages." Dkt. No. 170. Searchmetrics asked that the Court deny both of BrightEdge's requests, stating that the information sought is not relevant. Dkt. Nos. 169, 170. Searchmetrics also argued that the first request is "overbroad, overly

burdensome, [and] violates the relevancy and proportionality requirements of Fed. R. Civ. P. 26(b)(1)", and expressed concerns that fulfilling the second request would result in a violation of German privacy laws. *Id*.

On October 26, 2017, the Court held a hearing regarding this discovery dispute. October 26, 2017 Minute Entry, Dkt. No. 177.

On November 2, 2017, the Superior Court of California for the County of Santa Clara issued an order on a similar discovery dispute in the parties' trade secrets case. *BrightEdge Technologies, Inc. v. Gabriel Martinez, et al.*, Case No. 2013-1-CV-256794 (Santa Clara County Superior Court). The Superior Court ordered Searchmetrics to produce the 2015 version of its SugarCRM database, given production would be made subject to the adequately protective Confidentiality Order already in place in that case.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, courts must limit discovery if the information sought "is unreasonably cumulative or duplicative, or can be obtained from some other source." Fed. R. Civ. P. 26(b)(2)(C)(i).

## DISCUSSION

**A.     Second Letter Brief Regarding Production of the SugarCRM Database (Dkt. No. 170)**

Discovery should be allowed unless the information sought has "no conceivable bearing on the case." *First Fin. Sec., Inc. v. Jones,* 2017 U.S. Dist. LEXIS 128194, at *4 (N.D. Cal. Aug. 11, 2017) (citation omitted). This Court has already recognized that the requested information (contained in Searchmetrics' SugarCRM database and the underlying documents referenced therein) is relevant to BrightEdge's claims of willful infringement and to the calculation of damages in this action. Dkt. No. 56 at 5. This Court has also recognized that this information

2

cannot be obtained elsewhere. *Id*. at 7. Additionally, at the October 26th hearing, BrightEdge stated that it is a common industry practice to produce this kind of database in this kind of litigation.

However, Searchmetrics has again asserted that transmitting the database and other related documents to a United States company would violate German privacy law. Dkt. No. 170 at 5; *see also* Dkt. No. 48. Searchmetrics alleges that the database and related documents contain personal data, which German law bars from being transferred "to countries lacking the same levels of protection afforded in EU countries [– countries such as] the United States." Dkt. No. 170 at 5. Still, "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining[,] and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citations omitted); *see DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *see also Oakes v. Halvorsen Mar. Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation omitted). Searchmetrics has failed to do so. Searchmetrics has twice made this general assertion, but has not explained why the protective order already in place in this case would not be sufficient to protect the private information contained in the database and related documents.

As this Court has already stated, even where a party seeks to prevent disclosure of documents based on foreign law, "it is well settled that such [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U. S. District Court*, 482 U.S. 522, 544 n. 29 (1987) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204-06 (1958)). This Court previously ruled in favor of disclosure on a similar Joint Discovery Dispute Letter in this case. Dkt. No. 56. While related to a broader set of requests, the requests listed in that letter included one for Searchmetrics' SugarCRM database and the related documents. Dkt. No. 48 at 2. In that letter, Searchmetrics similarly asserted objections to production based on German privacy law. However, in its order, this Court applied the relevant balancing test (set forth in Restatement (Third) of Foreign Relations Law section 442(1)(c) (1987) and stated in *Aerospatiale*, 482 U.S. at

544 n. 28 (1987)) and determined that the balance weighed in favor of compelling Searchmetrics to produce what it had previously withheld on the basis of international privacy law.

Nothing has changed. Searchmetrics' privacy concerns are addressed by the fact that production of the SugarCRM database and the underlying documents referenced therein will be subject to the protective order already in place. Therefore, the Court **ORDERS** production of the SugarCRM database and the underlying documents referenced therein.

**B.  First Letter Brief Regarding Requests for Production Nos. 21-22 (Dkt. No. 169)**

At the October 26, 2017 hearing, BrightEdge's counsel informed the Court that the information requested in the first joint letter could be found in the SugarCRM database and the underlying documents referenced therein. October 26, 2017 Minute Entry; Transcript of Proceedings Held on October 26, 2017, Dkt. No. 180 at 20:11-14. The production requested in the first letter would therefore be duplicative, and its duplicate production is unnecessary. Accordingly, the request is **MOOT**.

## CONCLUSION

Therefore, the Court **ORDERS** production of the 2017 version of Searchmetrics' SugarCRM database and all underlying documents referenced therein.

**IT IS SO ORDERED.**

Dated: November 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge