UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTEDGE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEARCHMETRICS, GMBH., et al., <br><br> Defendants. | Case No. 14-cv-01009-HSG <br><br> **ORDER DENYING UNOPPOSED MOTION TO VACATE ORDER AND JUDGMENT** <br><br> Re: Dkt. No. 217 |

Plaintiff BrightEdge Technologies, Inc. filed this action against Defendants Searchmetrics, GmbH. and Searchmetrics, Inc., accusing them of infringing U.S. Patent Nos. 8,135,706 ("the '706 Patent"), 8,478,700 ("the '700 Patent"), 8,478,746 ("the '746 Patent"), 8,577,863 ("the '863 Patent"), and 8,671,089 ("the '089 Patent") (collectively, "the Asserted Patents"). Dkt. No. 154 ¶ 5. The Asserted Patents relate to search engine optimization, a process by which an entity can enhance its online presence. *See id.* On October 18, 2017, Defendants moved for judgment on the pleadings, asserting lack of patent-eligible subject matter under 35 U.S.C. § 101. Dkt. No. 173. On January 19, 2018, the Court granted Defendants' motion, finding all the patents-in-suit invalid as directed to ineligible subject matter under Section 101. Dkt. No. 208. The same day, the Court entered judgment in favor of Defendants, *see* Dkt. No. 209, and Plaintiff timely filed a notice of appeal to the Federal Circuit, *see* Dkt. No. 211. While the case was pending on appeal, the parties settled both this case and a concurrent state court litigation, and on August 2, 2018, the Federal Circuit remanded the action to this Court for consideration of whether to vacate its judgment. *See* Dkt. No. 214.

Pending now before the Court is Plaintiff's unopposed motion to vacate the January 19, 2018 order and judgment, on which the Court held a hearing on January 24, 2019. *See* Dkt. No.

217 ("Mot."). Having carefully considered Plaintiff's motion and its arguments at the hearing, the Court **DENIES** the motion.

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." While appellate court vacatur of district court judgments in the context of settlement agreements should be granted only in "exceptional circumstances," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), district courts enjoy "greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance," *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). In deciding whether to vacate a judgment, district courts consider "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games, Inc.*, 142 F.3d at 1168 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995)). The Ninth Circuit has held that, although "mootness by happenstance provides sufficient reason to vacate" because it prevents appellate review, the "equitable principles weighing in favor of vacatur . . . cut the other direction where the appellant by his own act prevents appellate review of the adverse judgment." *Dilley*, 64 F.3d at 1370 (citation omitted). Where parties have settled, the Ninth Circuit has provided that a district court is "not required to vacate a judgment when the appellant causes the dismissal of its appeal by settling." *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 649–50 (9th Cir. 1991). Otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Id.* (quoting *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982)).

II.  **DISCUSSION**

Plaintiff argues that vacatur is warranted for two reasons. First, Plaintiff contends that two Federal Circuit decisions following this Court's order and judgment "changed the law by recognizing that factual questions underpin the Section 101 analysis, and that disputes on these factual questions present in this case would have precluded judgment on the pleadings had this Court had the benefit of these opinions." Mot. at 2. Second, Plaintiff contends that because this

2

case's settlement was ancillary to settling a state court case that was nearing trial, settlement was done for "legitimate business reasons." *Id.* at 10. At the hearing on this motion, Plaintiff clarified that the parties' global settlement was not contingent on the pending vacatur. Dkt. No. 220 at 5. Plaintiff added that it was also concerned that it would need to raise "some of the same arguments" it now advances in support of vacatur to future courts, which would have "less familiarity" with this case. *Id.* at 7.

The Court finds Plaintiff's arguments unavailing. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg.*, 513 U.S. at 26 (citations omitted). And the fact that the order and judgment here are unreviewed despite the purportedly intervening authority does not counsel in favor of vacatur, because Plaintiff's voluntary actions caused the mootness that prevented appellate review. *Id.* at 25, 29 (finding mootness by reason of settlement did not justify vacatur, in part, because the "losing party [had] voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari"). Plaintiff cannot now object that "the order regarding validity in this case should not have any preclusive effect because of the change in law," because exhaustion of its appellate rights would have resolved that question. *See* Mot. at 10. Further, even accepting Plaintiff's position as true—that the preclusive weight of this Court's order is tempered by intervening authority—the Court rejects Plaintiff's concern that future courts will struggle to grapple with that issue because they are less familiar with this case. The Court has full confidence that future courts can review the disputed order and consider its preclusive effect in light of intervening authority—an exercise courts routinely perform.

The Court also finds nothing exceptional about Plaintiff's desire to settle a case unrelated to this litigation. Neither the settlement of that case nor the settlement of this case is exceptional under the circumstances, given that Plaintiff admitted at the hearing that the global settlement is in no way contingent on the Court granting the pending motion for vacatur. *See Protegrity USA, Inc. v. Netskope, Inc.*, No. 15-cv-02515-YGR, 2016 WL 4761093, at *2 (N.D. Cal. Sept. 13, 2016) (denying vacatur where granting of vacatur was not necessary to consummation of settlement);

3

*Reynolds v. Allstate Ins. Co.*, No. C 10-4893 SI, 2012 WL 4753499, at *2 (N.D. Cal. Oct. 4, 2012) (same).

### III. CONCLUSION

The Court finds "exceptional circumstances" are not present to warrant vacatur. *See U.S. Bancorp Mortg.*, 513 U.S. at 29. For the same reasons, the Court does not find in its "greater equitable discretion" that vacatur is warranted under the circumstances. *See Am. Games, Inc.*, 142 F.3d at 1169–70.

This order terminates Docket Number 71. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 3/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4